FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
8/3/2023 2:25 PM
JAMIE SMITH
DISTRICT CLERK
A210102

CAUSE NO. A-210102

| | | |
|---|---|---|
| CARLOS A HERNANDEZ | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| CRISTINA CAPI and DELIA A CAPI | § § | 58TH JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, CARLOS A HERNANDEZ, hereinafter referred to as Plaintiff, and file this First Amended Petition complaining of CRISTINA CAPI, DELIA A CAPI and ALLSTATE INDEMNITY COMPANY, hereinafter referred to as Defendants and for cause of action, would respectfully show unto the Court the following:

I.
DISCOVERY LEVEL

Discovery in this matter is intended to be conducted under Level 3.

II.
PARTIES

Plaintiff, CARLOS A HERNANDEZ is a resident of Port Arthur, Jefferson County, Texas.

Defendant, CRISTINA CAPI, is a resident of Port Arthur, Jefferson County, Texas and service on this Defendant is not necessary at this time. Defendant has already been served and has filed an answer to this lawsuit.

Defendant, DELIA A CAPI, is a resident of Port Arthur, Jefferson County, Texas and service on this Defendant is not necessary at this time. Defendant has already been served and has filed an answer to this lawsuit.

Defendant, ALLSTATE INDEMNITY COMPANY is a company doing business in the state of Texas and may be served with citation through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201-3136.

### III.
### JURISDICTION & VENUE

The Court has jurisdiction over the controversy because the damages are in excess of the minimum jurisdictional limits of the Court. Venue is proper in Jefferson County, Texas because a substantial part of the events or omissions giving rise to the claim occurred in said county.

### IV.
### FACTS

On or about September 17, 2021, Plaintiff was traveling north in the 2800 Block of 9th Ave, when Defendant Driver, CRISTINA CAPI, attempted to make a left-hand turn going north onto the 2800 Block of 9th Ave. Defendant, CRISTINA CAPI, failed to yield right of way and struck Plaintiff, causing Plaintiff to leave the roadway.

As a result of said collision, Plaintiff, CARLOS A. HERNANDEZ, sustained severe injuries to his neck, back and body generally. At such time, Plaintiff was protected against loss caused by bodily injury and property damage, and resulting from the ownership, maintenance, or use of an uninsured/underinsured motor vehicle by a policy of insurance issued by Defendant ALLSTATE INDEMNITY COMPANY.

The collision and all damages and injuries resulting therefrom, were not caused by or contributed to by the Plaintiff nor did the same occur through any fault or negligence on the part of the Plaintiff, but was caused solely by the acts, wrongs, and/or omission of the Defendants, which said acts, wrongs and/or omissions were the proximate cause of the injuries and damages sustained by Plaintiff.

Plaintiff would further show that this cause of action is brought to recover insurance benefits due and owing Plaintiff, in addition to damages as a result of Defendant ALLSTATE INDEMNITY COMPANY breach of contract and violation of Texas Insurance Code. Specifically, Plaintiff would show that they had been issued a policy of insurance and were covered person on September 17, 2021, by Defendant, ALLSTATE INDEMNITY COMPANY. Plaintiff would show that such policy was to provide payment for uninsured/underinsured motorist coverage, bodily injury liability, property damage liability and comprehension. Plaintiff has complied with all terms and conditions required to recover benefits under the policy, and alleges that, with regard to this accident, the offending driver was an "uninsured/underinsured" motorist as that term is defined in the policy. Plaintiff has put Defendant ALLSTATE INDEMNITY COMPANY on notice of Plaintiff's claims and has received permission to settle with the offending driver, but has never received any written response from Defendant ALLSTATE INDEMNITY COMPANY with the explanation for the denial of benefit in violation of Texas Insurance Code.

## V.
## DECLARATORY JUDGMENT

At the time of the collision, Plaintiff had a valid, enforceable contract with Defendant ALLSTATE INDEMNITY COMPANY for uninsured motorist insurance coverage. Pursuant to the policy of insurance in force and effect between Plaintiff and ALLSTATE INDEMNITY COMPANY at the time of the subject collision, Plaintiff seeks a declaratory judgment, pursuant to TEX. CIV. PRAC. & REM. CODE § 37.002 and § 37.003, that they are entitled to recover from Defendant ALLSTATE INDEMNITY COMPANY for their damages resulting from the automobile collision that is the subject of this suit, that those damages fall within the coverage afforded to him under the policy with Defendant ALLSTATE INDEMNITY COMPANY, and specifying the amount of damages, attorneys' fees, interest, and court costs that Defendant

ALLSTATE INDEMNITY COMPANY is obligated to pay.

Pursuant to Tex. Civ. Prac. & Rem. Code Chapter 37, Plaintiff seeks a Declaratory Judgment establishing the parties' relative rights and responsibilities under the UM and UIM Insurance Contract, including:

(1) Plaintiff's status as a beneficiary under the relevant UIM policy;

(2) That Plaintiff has satisfied all conditions precedent under the UIM policy;

(3) The at-fault driver's status as an uninsured or underinsured motorist under the relevant sections of the UIM policy;

(4) The negligence of the underinsured driver in causing the collision making the basis of this lawsuit; and

(5) The amount of Plaintiff's damages that were proximately caused by the underinsured driver's negligence;

(6) The amount of attorney's fees;

(7) The amount of interest; and

(8) The amount of court's costs.

VI.
NEGLIGENCE OF DRIVER, CRISTINA CAPI AND NEGLIGENCE ENTRUSTMENT OF DEFENDANT OWNER, DELIA A CAPI

On the occasion in question, Defendants were guilty of certain acts, wrongs, and/or omissions, each and all amounting to wanton disregard, reckless and/or negligence. Said acts, wrongs, and/or omissions include, without limitation, the following:

(1) In failing to maintain control of the vehicle;

(2) In failing to keep a safe distance;

(3) In failing to keep a proper lookout;

(4) In failing to timely apply the brakes;

(5) In failing to control speed;

(6) In failing to obey traffic-control signals;

(7) In failing to yield right of way;

(8) In failing to stop at stop sign;

(9) In driving in a negligent/ recklessly and unsafe manner;

(10) Driver inattentiveness;

(11) Negligence entrustment;

(12) Negligence per se in violation of Sections 544.010, and 545.351 of the Texas Transportation Code; and

(13) Committing various acts and/or omissions and all amounting to willful, wanton disregard, reckless and/or negligence, both statutory and common law, to be specified in detail at the time of trial.

Defendant, DELIA A CAPI, entrusted her vehicle to a driver that she knew to be either an unlicensed driver, reckless driver, and/or an incompetent driver, and Defendant, DELIA A CAPI, knew or should have known that the Defendant Driver, CRISTINA CAPI was an unlicensed driver, reckless driver, and/or an incompetent driver. Such negligence was the proximate cause of the collision subject of this suit because the negligence of the Defendant Driver, CRISTINA CAPI, to whom the vehicle was entrusted was the proximate cause of the collision.

All of the above acts, wrongs and/or omissions, as well as various other acts, wrongs, and/or omissions on the part of the Defendants amounted to reckless and/or negligence and were the proximate cause of the resulting damages and injuries suffered to and by the Plaintiff. In addition, the acts, wrongs and/or omissions on the part of the Defendants constitute negligence per se, and violates Sections 544.010, and 545.351 of the Texas Transportation Code.

## VII.
## DAMAGES

As a proximate result of the incident made the basis of this suit and Defendants' reckless and/or negligent acts and conduct, the Plaintiff bring this suit against the Defendants to recover damages for the following:

(1) Past medical bills and expenses incurred as a proximate result of the accident made the basis of this suit;

(2) Future medical bills and expenses that in all reasonable probability will be incurred as a proximate result of the accident made the basis of this suit;

(3) Mental anguish, physical pain and suffering, disability, and loss of enjoyment of life in the past and all reasonable probability, would be sustained in the future;

(4) Physical impairment in the past and in the future;

(5) Pre-judgment and post-judgment interest;

(6) Lost earnings and lost earning capacity; and

(7) Such other and further items of damages as may be supplemented as a result of the discovery performed in this suit.

Plaintiff would show that the damages to be awarded herein is a matter lying largely, if not entirely, within the province of the Jury. In this regard, Plaintiff request that the Jury award them fair and reasonable compensation for their damages. Based on the information currently available to Plaintiff, Plaintiff seek monetary relief according to Texas Rules of Civil Procedure 47 (c)(4) to fairly and reasonably compensate them for their injuries, damages and losses.

## VIII.
## REQUIRED DISCLOSURE

Under the authority of Texas Rules of Civil Procedure 194, Plaintiff request that the Defendant provide his initial disclosures within thirty (30) days after the filing of the first answer or general appearance, disclosing the information or material described in Rule 194.2.

## IX.
## JURY TRIAL

Plaintiff demands a jury trial and has previously tender the appropriate fee.

## X.
## RULE 193.7 NOTICE

Plaintiff hereby put Defendants on notice that Plaintiff intends to use all Defendants' discovery responses as evidence at trial in accordance with such right and privileges established by Texas Rules of Civil Procedure 193.7.

## XI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited to appear and answer herein as the law directs, and that upon final hearing and trial by jury, Plaintiff have and recover of and from Defendants their damages which are in excess of the minimum jurisdictional limits of this Court, together with costs of Court and pre-judgment and post-judgment interest, and that Plaintiff be entitled to such other and further relief, both at law and in equity, to which they may show themselves justly entitled.

Respectfully submitted,

**PROVOST ★ UMPHREY LAW FIRM, L.L.P.**
350 Pine Street, Suite 1100
Beaumont, Texas 77701
T: (409) 835-6000
F: (409) 813-8605

By: _____
FABIANA BAUM
State Bar No. 24101489
fbaum@pulf.com

ATTORNEY FOR PLAINTIFF

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Deborah Aguirre on behalf of Fabiana Baum
Bar No. 24101489
daguirre@provostumphrey.com
Envelope ID: 78185274
Filing Code Description: Amended Filing
Filing Description: Plaintiff's First Amended Original Petition
Status as of 8/4/2023 7:49 AM CST

Associated Case Party: CARLOSAHERNANDEZ

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Fabiana Baum | | fbaum@pulf.com | 8/3/2023 3:24:34 PM | SENT |
| Deborah Aguirre | | daguirre@provostumphrey.com | 8/3/2023 3:24:34 PM | SENT |

Associated Case Party: CRISTINA CAPI

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Clint Lewis | | lewislawyers@aol.com | 8/3/2023 3:24:34 PM | SENT |
| Anne Lewis | | alewis@lewislawyers.com | 8/3/2023 3:24:34 PM | SENT |

Associated Case Party: DELIAACAPI

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Clint Lewis | | lewislawyers@aol.com | 8/3/2023 3:24:34 PM | SENT |